UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE MATTER OF:

EVERETT PRINGLE,

    Plaintiff

v.

ANDREW WHEELER,
Administrator,
U.S. Environmental Protection Agency,
Agency.

    Defendant(s)

Case No.

**19 7432 KAW**

EMPLOYMENT DISCRIMINATION COMPLAINT

FILED
NOV 12 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

1. Plaintiff resides at:

    Address: 811 Woodson Drive

    City, State & ZIP Code: Oakland, California 94603

    Phone: (510) 909-4996

2. Defendant is located at:

    Address: 1200 Pennsylvania Avenue. NW

    City, State & ZIP Code: Washington, D.C. 20460-0001

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is conferred on this Court by 42 U.S.C. Section 2000e-5. Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g).

4. The acts complained of in this suit concern:

    a. On October 6, 2015, Plaintiff was issued a Proposed 2-day Suspension letter;

    b. On March 3, 2016, Plaintiff was issued a Final 2-day Suspension Decision letter;

    c. On September 25, 2018, Defendant held a Pre-Disciplinary meeting with Plaintiff;

    d. On October 11, 2018, Plaintiff was issued a Proposed Ten (10) Day suspension;

  e. On October 31, 2018, Defendant denied Plaintiff's travel on an emergency response team to the Super Typhoon Yutu incident; and

  f. On November 29, 2018, Defendant suspended Plaintiff for nine (9) days.

5. Defendant's conduct is discriminatory with respect to the following:

  a. ☒ My race or color.

  b. ☐ My religion.

  c. ☐ My sex.

  d. ☐ My national origin.

  e. ☐ Other as specified below.

---

6. The basic facts surrounding my claim of discrimination are:

The Defendant and his/her representatives have instituted a sophisticated manipulation technique known as aversive racism in an attempt to undermine and create a professional workplace narrative that is grossly opposite and contradictory of Plaintiff's actual workplace character and professionalism. Defendants have created a false, harassing and discriminatory narrative surrounding Plaintiff's work performance and character. Defendant's workplace disciplinary actions against Plaintiff have been arbitrary, punitive and terroristic. Defendants have propagandized, manipulated and distorted the Equal Employment Opportunity (EEO) investigative findings and evidence against Plaintiff. Plaintiff has been subjected to years of employment discrimination and harassment by Defendants which can be verified based on the inference of multiple false accusations, subjugation and animus towards Plaintiff. Therefore, Plaintiff pleads to the United States District Court Northern District of California so that discovery and a hearing can be established.

7. The alleged discrimination occurred on or about <u>October 6, 2015</u>.

8. I filed charges with the Federal Equal Employment Opportunity Commission (or the

1  California Department of Fair Employment and Housing) regarding defendant's alleged
2  discriminatory conduct on or about June 23, 2016.

3    9. The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter
4  (copy attached), which was received by me on or about September 27, 2019

5    10. Plaintiff hereby demands a jury for all claims for which a jury is permitted:

6        Yes ■        No ☐

7    11. WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate,
8  including injunctive orders, damages, costs, and attorney fees.

10 DATED: November 12, 2019

                                        _____
                                        SIGNATURE OF PLAINTIFF

                                        Everett Pringle
                                        _____
                                        PLAINTIFF'S NAME
                                        (Printed or Typed)



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Everett Pringle, a/k/a
Homer B.,[1]
Complainant,

v.

Andrew Wheeler,
Administrator,
Environmental Protection Agency,
Agency.

Appeal No. 2019000338

Hearing No. 550-2017-00134X

Agency No. 2016-0079-1209

DECISION

Complainant filed a timely appeal, pursuant to 29 C.F.R. § 1614.403(a), from a decision issued by an EEOC Administrative Judge (AJ), dated June 12, 2018, concerning the formal complaint which claimed unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.[2]

BACKGROUND

During the period at issue, Complainant worked as an Environmental Protection Specialist at the Agency's Region 9 Enforcement Division in San Francisco, California.

On June 23, 2016, Complainant filed the instant formal complaint. Complainant claimed that the Agency discriminated against him based on race (African-American), national origin (African descent), color (black) and in reprisal for prior EEO activity when:

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

[2] As the Agency did not issue a final order within 40 days of receipt of the AJ's decision, the decision of the AJ became the final action of the Agency. 29 C.F.R. § 1614.109(i).

he was issued a proposed 2-day Suspension Notice on October 6, 2015, and was issued a final 2-day Suspension Decision letter on March 3, 2016.

After an investigation of the formal complaint, the Agency provided Complainant with a copy of the investigative file. Complainant requested a hearing before an EEOC Administrative Judge (AJ). The AJ assigned to the case issued a Notice of Intent to Issue a Decision Without a Hearing on April 18, 2017. Both Complainant and the Agency responded to the Notice of Intent. On June 12, 2018, the AJ issued a decision by summary judgment in favor of the Agency.

In finding no discrimination by summary judgment, the AJ found that the record developed during the investigation established the following undisputed facts.

The AJ noted Complainant's claims involve corrective measures he received in connection with his failure to follow instructions regarding an office move which took place beginning in January 2015. The record reflects that during the four-month period leading up to the moving day, May 19, 2015, numerous communications had been transmitted to Complainant. These communications related to the moving logistics involved, the timetable, and instructions for Complainant regarding his specific responsibilities for the move, including the need that he have his work area cleared, and his work-related and personal items packed, his office furniture and cabinets tagged, and similar such matters. Complainant failed or refused to comply with the instructions.

On May 19, 2015, the day of the move, Complainant did not appear at the office. Efforts to reach him were unsuccessful. Another staff member was ordered to pack up Complainant's belongings and perform the logistical tasks which Complainant had failed or refused to perform. At approximately 12:21 p.m. on the day in question, the Deputy Director informed Complainant by email that because of his absence, another staff member had to be ordered to pack his office. The Deputy Director finally spoke with Complainant at 12:30 p.m. that day and directed him to report to the office immediately. Complainant failed to respond and the Deputy Director informed him that he would be charged with being Absent Without Leave (AWOL).

Upon investigation, the Agency determined that Complainant had no excuse whatsoever for his insubordination, he had no authority to be away from the office on May 19, 2015, and he had failed to perform the responsibilities assigned to him. Complainant was interviewed during an investigation and was represented by the union. In reviewing the investigative findings into Complainant's insubordination, the Enforcement Director determined that (i) Complainant had been informed repeatedly about the move and his responsibilities in connection therewith; (ii) that Complainant failed or refused to follow these instructions; (iii) that Complainant was not issued an approved leave slip for the day of the move; (iv) that Complainant did not request and was not approved for telework; and (v) that Complainant had no authority, otherwise, to be out of the office on the date of the move. As a corrective measure, the Enforcement Director recommended that Complainant be issued a 2-day suspension.

3                                                                            2019000338

The AJ noted that the Deputy Director (Caucasian, white, American, no prior protected activity) explained that on the day of the move, she sent an email to Complainant stating that a staff member had packed up his office. The Deputy Director stated that she then received a telephone call from Complainant. During this call, the Deputy Director directed Complainant to report to the office and "communicate with me about his charging him AWOL from 7:30 am to 3:30 pm." The Deputy Director further stated that having not seen or heard from Complainant, she sent him an email charging him AWOL. Several minutes later, Complainant stopped by her office with his union representative. The Deputy Director noted that during the meeting, Complainant "expressed anger [indicating] that he was on leave or official work at home status. He stated that he would provide documentation that he was on approved work at home status. He also stated that he did not communicate with me or his supervisor because he had computer problems and had to contact our computer helpline to fix the computer."

The Deputy Director stated that after talking with Complainant, she followed up with an email documenting her conversation with Complainant and requested documentation concerning his leave status. The Deputy Director stated that she contacted the manager of the computer helpline and asked if Complainant had submitted a helpline ticket on May 19, 2015 and the manager sent her documentation that showed that Complainant did not submit a helpline ticket. The Deputy Director also stated that she contacted Complainant's supervisor and a timekeeper but she could not find any documentation of Complainant's approved leave or approved work at home for May 19, 2015.

Further, the Deputy Director stated that on June 6, 2015, she participated in a Pre-Disciplinary meeting with Complainant and other Agency officials. Specifically, the Deputy Director stated that her role was to provide the Enforcement Director with the factual information for her decision. The Deputy Director stated that she did not discriminate against Complainant based on his race, national origin, color and prior protected activity.

The Enforcement Director (Caucasian, white, multiple nations of origin, unknown prior protected activity) stated that she proposed a 2-day suspension for Complainant. The record contains a copy of the Enforcement Director's letter dated October 6, 2015. Therein, the Enforcement Director stated that she proposed Complainant to be suspended from duty without pay for 2 days for Absent Without Leave, Lack of Candor, and Failure to Follow Instructions.

The AJ noted that the Deputy Regional Administrator reviewed the record and the investigative findings discussed above, discussed the matter with Complainant and his representative, considered Complainant's oral reply and June 2, 2015 email response to the proposed suspension, and considering the so-called Douglas factors, issued a decision upholding the recommended 2-day suspension as an appropriate corrective measure for Complainant's insubordination.

Based on this evidence, the AJ concluded Complainant failed to prove his claims of discrimination or unlawful retaliation.

The instant appeal followed.

## ANALYSIS AND FINDINGS

As a threshold matter, the Agency, in response to Complainant's appeal, argues that the instant appeal was untimely submitted. The Agency merely asserted, without further elaboration, that the AJ mailed his decision to the Agency, Complainant, and his attorney. The Agency noted that the AJ's decision provided a notice explaining that Complainant may appeal the decision to the Commission if the Agency had not issued a final order within 40 calendar days of receipt of the decision. The Agency argued that the AJ's decision became the Agency's final action on or around July 31, 2018. Furthermore, the Agency argued that Complainant did not file his appeal until September 17, 2018. We find that the record does not contain a copy of a USPS Tracking Results printout indicating the date that Complainant received the AJ's decision. Therefore, we determine that Complainant filed a timely appeal with this Commission from the AJ's decision dated June 12, 2018.

The Commission's regulations allow an AJ to grant summary judgment when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. In rendering this appellate decision, we must scrutinize the AJ's legal and factual conclusions, and the Agency's final order adopting them, de novo. See 29 C.F.R. § 1614.405(a) (stating that a "decision on an appeal from an Agency's final action shall be based on a de novo review…"); see also Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO-MD-110), at Chap. 9, § VI.B. (as revised, August 5, 2015) (providing that an administrative judge's determination to issue a decision without a hearing, and the decision itself, will both be reviewed de novo).

To successfully oppose a decision by summary judgment, a complainant must identify, with specificity, facts in dispute either within the record or by producing further supporting evidence, and must further establish that such facts are material under applicable law. Such a dispute would indicate that a hearing is necessary to produce evidence to support a finding that the agency was motivated by discriminatory animus. Here, however, Complainant failed to establish such a dispute. Even construing any inferences raised by the undisputed facts in favor of Complainant, a reasonable fact-finder could not find in Complainant's favor.

A claim of disparate treatment is examined under the three-party analysis first enunciated in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973). For complainant to prevail, she must first establish a prima facie of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination, i.e., that a prohibited consideration was a factor in the adverse employment action. See McDonnell Douglas, 411 U.S. at 802; Furnco Construction Corp. v. Waters, 438 U.S. 567 (1978). The burden then shifts to the agency to articulate a legitimate, nondiscriminatory reason for its actions. See Texas Department of

Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). Once the agency has met its burden, the complainant bears the ultimate responsibility to persuade the fact finder by a preponderance of the evidence that the agency acted on the basis of a prohibited reason. See St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).

Here, the undisputed facts fully support the AJ's determination that the responsible management officials clearly articulated legitimate, non-discriminatory reasons for its actions. Complainant did not prove, by a preponderance of the evidence, that these proffered reasons were a pretext designed to mask discrimination or unlawful retaliation.

*Harassment*

With regard to a claim of discriminatory harassment, Complainant must show that: (1) he belongs to a statutorily protected class; (2) he was subjected to harassment in the form of unwelcome verbal or physical conduct involving the protected class; (3) the harassment complained of was based on his statutorily protected class; (4) the harassment affected a term or condition of employment and/or had the purpose or effect of unreasonably interfering with the work environment and/or creating an intimidating, hostile, or offensive work environment; and (5) there is a basis for imputing liability. See Henson v. City of Dundee, 682 F.2d 897 (11th Cir. 1982).

To prove his harassment claim, Complainant must establish that he was subjected to conduct that was either so severe or so pervasive that a "reasonable person" in Complainant's position would have found the conduct to be hostile or abusive. Complainant must also prove that the conduct was taken because of a protected basis – in this case, because of his race, national origin, color and prior protected activity. Only if Complainant establishes both of those elements, hostility and motive, will the question of Agency liability present itself.

As already determined, the evidence of record simply provides no support for Complainant's allegation that his race, national origin, color and prior protected activity played any role in the disputed Agency actions.

We AFFIRM the Agency's final action adopting the AJ's decision finding no discrimination.

6 2019000338

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you

file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*/s/ Carlton M. Hadden*
Carlton M. Hadden, Director
Office of Federal Operations

August 7, 2019
Date

8                                                                                            2019000338

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Everett Pringle
811 Woodson Drive
OAKLAND, CA  94603

Heather White
1750 K Street NW
Suite 900
WASHINGTON, DC  20006

Vicki Simons, EEO Director
Office of Civil Rights
Environmental Protection Agency
1200 Pennsylvania Ave., NW  MC: 1201A
Washington, DC  20460

August 7, 2019
Date

*Sherrie Callwood* (signature)
Compliance and Control Division

    **From:** OFOEEOC <OFO.EEOC@EEOC.GOV>
      **To:** u <pringlee1@aol.com>
  **Subject:** RE: Appeal of Summary Judgment
     **Date:** Fri, Sep 27, 2019 12:36 pm
**Attachments:** 2019000338 - Dec.pdf (93K), 2019000338 - Cert.pdf (19K)

Mr. Pringle,

A decision was issued on your appeal on August 7, 2019. Attached please find copies of the decision and Certificate of Mailing for Appeal No. 2019000338. The password to open the attached decisions will be sent in a separate email.

Attorney of the Day

Office of Federal Operations

EEOC

**From:** u <pringlee1@aol.com>
**Sent:** Friday, September 27, 2019 3:12 PM
**To:** OFOEEOC <OFO.EEOC@EEOC.GOV>
**Cc:** hwhite@fedpractice.com
**Subject:** Appeal of Summary Judgment

Dear Attorney of the Day,

I am writing to U.S. Equal Employment Opportunity Commission ("EEOC"), Office of Federal Operations ("OFO") in an attempt to acquire a status update on my Appeal of Summary Judgment filed on September 17, 2018, Docket # 2019000338, Agency Number: 2016-0079-1209.

It is my understanding from the previous email below that the OFO has copious amounts of cases to review and a very limited amount of attorneys to review them. This is email is not intended to be reproving of the OFO in any manner, however, I hope there is an understanding that after filing my appeal over a year ago, it is viewed as a reasonable request to ask for a status update.

In addition, I also understand that predicting when an attorney may have the opportunity to review my specific case may be presumptuous. Nonetheless, if there is any information you can provide me to reasonably foresee a decision being granted in the unforeseen future, I would greatly appreciate a response.

Regards,

11/12/2019                                        RE: Appeal of Summary Judgment

Everett Pringle

811 Woodson Drive

Oakland, CA 94603

Cell: 510.909.4996



-----Original Message-----
From: OFOEEOC <OFO.EEOC@EEOC.GOV>
To: pringlee1@aol.com <pringlee1@aol.com>
Sent: Tue, May 21, 2019 12:12 pm
Subject: Reply

Mr. Pringle,

This is in response to your electronic mail dated May 20, 2019, concerning the status of your appeal, Appeal No. 2019000338.

According to the record, it shows that the appeal is being processed, but no decision has yet been issued. It is difficult to discern as to when the decision will be issued because there are more than 4,000 cases and only 27 attorneys. Each attorney has numerous cases that require careful review before drafting a decision. Please be assured that the appeal is being processed in a fair and equitable manner.

Please note that EEOC Regulation 29 C.F.R. § 1614.407 provides that a complainant may file a civil action in an appropriate United States District Court after 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission or within 90 days of receipt of the Commission's final decision on an appeal.

We hope this information is helpful to you.
Attorney of the Day
Office of Federal Operations
EEOC